JOSEPH GOODRICH *vs.* INHABITANTS OF LUNENBURG.

Under the Rev. Sts. *c.* 7, § 27, one sixth of a state tax must be assessed on polls, although, if added to the town and county tax, it brings the poll tax on each individual above one dollar and a half. And if the tax is not so assessed, the whole assessment is void.

THOMAS, J. This is an action of contract to recover the amount of a tax assessed upon the plaintiff in the defendant town for the year 1855 : the tax having been paid by the plaintiff after seizure of his property. The case is before us upon an agreed statement of facts.

The plaintiff says the tax was illegally assessed, because one sixth part of the sum to be raised was not assessed upon the polls. Upon this point the agreed facts are as follows : ·

" The taxes for the year 1855 for the town of Lunenburg were

| | |
|---|---|
| State tax . . . . . . | . $495.00 |
| County tax . . . . . . . | 662.08 |
| Town grant . . . . . | . 3130.00 |
| Overlayings . . . . . . | 84.92 |
| | $4372.00 |
| Highway deficiencies . . . . | . 40.92 |
| | $4412.92 |

" Valuation of real and personal estate $672,351.

" Number of polls 306; poll tax $1.50.

" One sixth part of the tax might have conveniently been assessed upon the polls without assessing more than $1.50 upon a poll for town and county purposes." This was not done.

Two questions then arise : first, whether, and under what state of facts, the law requires that one sixth part of the whole sum to be raised shall be assessed upon the polls ; and the second is, whether the omission so to assess makes the assessment void.

1. Upon the first point the language of the statute is plain. " The assessors shall assess upon the polls, as nearly as the same can be conveniently done, one sixth part of the whole sum to be raised ; provided the whole poll tax, assessed in any one year, upon any individual, for town and county purposes, except highway taxes, shall not exceed one dollar and fifty cents ; and the residue of said whole sum to be raised shall be apportioned upon property, in the manner provided in this chapter." Rev. Sts. *c.* 7, § 27.

These provisions are simple and explicit. One sixth part of the whole tax, as nearly as can conveniently be done, is to be assessed upon the polls; the residue, or five sixths, upon property. This is the rule for the distribution or apportionment of the burden of taxation. To this general rule there are two exceptions. The first has reference wholly to the facility of making the assessment, the avoiding of fractions and of the minute division of small sums, and is found in the words " as nearly as the same can be conveniently done."

The other exception relates to certain well known purposes of taxation, and limits the amount to be assessed in one year upon a poll for those purposes: " Provided the whole poll tax, assessed in any one year, upon any individual, *for town and county purposes,* except highway taxes, shall not exceed one dollar and fifty cents." Out of this exception of town and county purposes are excepted highway taxes. The rule of assessment is this : the polls shall bear one sixth of the burden of taxation ; the property, five sixths. But if the assessors find that one sixth of the taxes raised for town and county purposes, after deducting highway taxes, being assessed upon the polls, would exceed one dollar and fifty cents for a poll, such excess must be put upon property.

But there are other well known taxes than those raised for town and county purposes, as the school district and state tax, with respect to which no such limitation or restriction exists. That is to say, the general rule exists, requiring one sixth to be assessed upon the polls, as nearly as can conveniently be done ; but there is no limitation restricting the amount to be assessed upon a poll to one dollar and fifty cents.

With respect to a school district tax, it has been decided by this court, that the restriction does not exist. The case arose in this county in 1833. By the *St.* of 1826, *c.* 143, § 11, moneys voted to be raised by school districts were to be assessed in the same manner as town taxes were assessed. The tax act then in force, the *St.* of 1828, *c.* 143, § 3, contained the same rule and the same restriction as to the assessment upon polls, which are found in the Rev. Sts. *c.* 7, § 27. The court held, that the restriction as to the amount of the poll tax did not extend to school district taxes, but applied in terms to taxes levied for town and county purposes. The poll tax for the school district was one dollar and eighty seven cents ; and the court held it to be legal. *Taft* v. *Wood,* 14 Pick. 362.

In the case at bar, there was a state tax to be assessed of $495. One sixth part of it could have been conveniently assessed upon the polls without assessing more than a dollar and fifty cents upon a poll " for town and county purposes." State taxes are

to be assessed according to the rules prescribed in the twenty-seventh chapter of the revised statutes. Rev. Sts. *c.* 7, § 16. One sixth part of the tax is to be assessed upon the polls. No part of it was so assessed. This omission was not only a violation of the letter of the statute, but of the principle by which the legislature have distributed and apportioned the burden of taxation. By the rule adopted by the assessors, no portion of the state tax would fall upon the polls, but the whole be borne by property.

It is true that under § 25 of *c.* 7 of the revised statutes, the assessors may include in the same assessment their state, county and town taxes, or any two of them, when they may think it convenient. But this power, given for the convenience of the assessors, does not, it is plain, change the principles by which the taxes are to be apportioned. Otherwise, the question whether any part of the burden of state taxation was to be borne by the polls would depend upon the discretion of the assessors of each town or city, and there would be no uniform rule upon the subject.

We are of opinion therefore that this tax was illegally assessed; and that one sixth of the state tax should have been distributed among the polls, although the effect would have been that the whole poll tax for state, county and town purposes would have exceeded one dollar and fifty cents.

2. The second question is, whether this mode of assessment renders the tax void. We think that is the necessary result. It is not a question of overtaxation of persons liable to be taxed, or of the omission of persons and property subject to taxation, or of including in an assessment a tax for an illegal purpose, or the neglect of a statute direction for the more convenient transaction of the business of assessors. It does not therefore fall within any of the decisions cited by the learned counsel for the defendants. It is a case where the tax itself has been assessed upon erroneous principles, in violation of the statute and of the policy by which the burdens of taxation have been apportioned. It was an assessment which could not be lawfully made.

The decision of this point renders it unnecessary to consider the other objections made to the validity of the assessment. The result is that the plaintiff must recover the amount of the tax, but without the costs of the collection.   *Shaw* v. *Becket*, 7 Cush. 442.                              *Judgment for the plaintiff.*

*C. Devens, Jr. & G. F. Hoar*, for the plaintiff.

*N. Wood*, for the defendants, cited *Dillingham* v. *Snow*, 5 Mass. 547 ; *Blackburn* v. *Walpole*, 9 Pick. 97 ; *Torrey* v. *Millbury*, 21 Pick. 64 ; *St.* 1815, *c.* 130 ; *Sprague* v. *Bailey*, 19 Pick. 436 ; *Coleman* v. *Anderson*, 10 Mass. 105 ; *St.* 1855, *c.* 461, § 2 ; Rev. Sts. *c.* 7, §§ 27, 37 ; *Watson* v. *Princeton*, 4 Met. 599 ; *Boston Water Power Co.* v. *Boston*, 9 Met. 199 ; *Howe* v. *Boston*, 7 Cush. 273 ; *Lincoln* v. *Worcester*, 8 Cush. 55 ; *Wright* v. *Boston*, 9 Cush. 233 ; *Bourne* v. *Boston*, 2 Gray, 494.